Good morning. May it please the Court, Lydia Gray Kevis for Appellant James Corgan, and I'd like to reserve two minutes for rebuttal. Your Honors, Detective Keema conceived that James Corgan presented a state-created danger claim that survived summary judgment and that the District Court erred in dismissing that claim at summary judgment on Rule 12b-6 grounds. That means there is just one contested issue remaining in this appeal, and that is whether James Corgan's state-created danger claim is barred by the two-year statute of limitations. On that, I have two principal points I'd like to make. Sotomayor Well, is that – does the State – I'm not sure the State concedes that he stated a claim. Do you think they do? Kevis In the State's answering brief, they do not submit any arguments as to why he didn't state a claim. Sotomayor Right. They don't make – put it better. They may not make a good argument about why he didn't state a claim, but I'm not sure they conceded he stated a claim. So – but let me just ask you this. If we agree with you that a claim was stated, and I believe one was, at least tentatively, why don't we just send it back to the District Court to deal with the statute of limitations? Kevis The reason not to send it back to the District Court, Your Honor, is because Detective Keema has waived the argument that he's now presenting for the first time on appeal. But remember, the District Court dismissed the claim because it didn't think it was made, more or less. I can't imagine why they did that, but it did. Now you're up here saying you should – we should reverse that decision, and I'm inclined to think you're right. The State has other defenses it might make. It didn't have to make them in its summary judgment motion. It preserved the defense in its answer. And it's a little bit fact-intensive. Why don't we just say, District Court, you goofed. Take this back. If the State has other defenses, it can present them. If it doesn't, this case can move along. That's not a bad result for your client, by the way. But there is a very clear case law saying that parties need to press their arguments below or else they waive them. Well, but is there a case law that says that you must raise on a summary judgment motion all your defenses? See, what they're arguing is that the record allows us to affirm on a basis not reached by the Court below. But I'm not aware of any case law that says you waive your statute of limitations defense by not raising it in a summary judgment motion. Is there any case law that says that to you? The statute of limitations arguments are affirmative defenses that are non-jurisdictional. And he — But he — and you agree that they preserved it in their answer. Their answer raises as an affirmative defense the statute of limitations. The answer does say that, but even more so than the parties should have pressed it. Well, so must they move for summary judgment on the basis of the statute of limitations? Or can they just save it and raise it later on? See, it's not like one of those defenses that must be raised in a Rule 12 motion or Rule 56 motion. And so I'm not sure why they waived it forever. Maybe the — tell me. That's my concern. Yeah. It would have — I would argue that it would have prejudiced James Corgan to have raised that argument for the first time at trial. I mean, Detective Kima had at least two opportunities to raise this argument. And in his motion to dismiss in that round of briefing, we clearly presented a state-created danger claim. And at that point, Detective Kima responded with various arguments as to why our claim should not be allowed to go forward, but didn't argue that it was time-barred. Meanwhile, Detective Kima did argue that other claims were time-barred, but not this one. And then, again, we go — move to summary judgment, and, again, we very clearly say that — that we are pressing a state-created danger claim. And, again, Detective Kima responded — And they — and they say — well, they move for summary judgment more accurately. Sorry. The other side is for summary judgment. This isn't a state-created danger, more or less, or you haven't pleaded it. And the Court says, you're right, they haven't pleaded it. And you now on appeal quite correctly say, I think we really did plead it. But why — I'm still back to — because I find the — I find the statute of limitations issue quite interesting. I'm not sure when the state-created danger claim accrues. Your client was in jail and got beaten once, right? Yes. He knew that was because — or should have known it was because the police released his identity to the — to whose house was being searched? I forget here. Munoz. Munoz. Munoz, Cortez, and Villanueva. So why doesn't the claim accrue at that point? Jail fights are common. There may have been other motives for the shooting. Well, there may have been, but the question is whether he knew or should have known at that point that the — that the county had violated his rights. I'm not sure what the answer is to that, and that's why I'm a little bit reluctant for us to take it up and for the first time on appeal. Anyway, I'm sorry. No, Your Honor, I agree. What your question underscores is that there are a lot of factual questions that would be very problematic for this Court to resolve on appeal. In addition to the very difficult factual question of when someone reasonably should know that they're injured, there may be equitable tooling arguments. James Corgan was incarcerated at various periods in between when the search took place and when he filed his claim. And none of those — none of those are in the record before us in a way that we can — we could rule on them as a matter of law. Yes. So if Your Honors are not inclined to say that the claim accrued when he was shot — Well, I don't — I'm asking a question. I don't speak for the — I'm not saying to Pat. Oh, sure, but — I'm just — I'm raising the issue. If Your Honors are — if you are not inclined to say that the claim accrued when he was shot, I would at least ask for a remand so that the lower court can dig into some of these more complicated factual questions. Why do you think the claim accrues at the time of the shooting? I see Judge Hurwitz's point that in theory you could say to someone in your client's shoes, the very first time you suffered harm as a result of the state-created danger, you've got to bring the suit then and for all future harm going forward. Why do you think you can kind of — because I think you've now conceded that the claim based on the jail beating, that's out because that was time-barred. So why do you get a separate accrual for this claim related to the shooting? Maybe you can explain your position on that. Sure. At the time that James Corgan learned that the search warrant had been left on the dining room table, his mentality was, I've got this. His brother called him and he denied the allegations. He said, that absolutely was not me. The police are out to get me. They've forged these documents. And he thought in his mind that he would be able to convince others that he had not acted as a confidential informant and that the police had forged these documents. In his own words, the police in Elko are known for doing shady things like this, and he thought it would be an easy case to make. So it's not clear from the record that he knew he was injured in that moment. At the time of the jail beating? And the jail beating is another time that Detective Kima could argue that he knew he was injured. Our response would be, again, that jail fights are common. It's not clear that James Corgan knew for sure what the motive for the beating was. I thought it was clear, but you're saying it's not? I thought that was there not something said to him when he was getting beaten, that the reason I'm beating you is because you were a snitch or something? Those facts are related to the shooting. Whenever James Corgan was shot, Brian Page said to him, you're a snitch. I don't recall those facts as relevant to the beating. Your position then is that the reason you get to start the clock as of the time of the shooting is that that's the first harm that your client knew was actually connected to the state-created danger? That's our position. Who assaulted him in jail? Sorry? Who assaulted him in jail? Munoz Cortez. The person whose house was searched? Yes. And the record just doesn't reflect what he said when he assaulted him? Yes, Your Honor. Wouldn't that be relevant to a statute of limitations determination? What if he said, you snitch? That's why I'm hitting it. Then he would have known at the time, at least, that he'd been placed in danger. I'm not sure that that defeats your statute, but it's a fact that would be useful to know before a court ruled on that issue. Sure. And again, this underscores that there are many factual questions here that should be looked at by the district court. I wanted to ask you a technical question here. Okay. The state law claims were dismissed supplementarily? Yes. Were they dismissed on their merits? That's my question. They weren't dismissed on their merits? They were just dismissed because the district court thought there was no 1983 claim? Yes. So they would be— No supplemental jurisdiction. They would revive— Yes, Your Honor. Okay. Do you want to save some time? Do you want to save some time or do you want to go ahead? Thank you. I please the court, Brian Brown, appearing on behalf of Detective Mike Kima and Elko Kata. I appreciate Your Honor's comments during original questioning of appellants. I submit to you that the case that's before you is fundamentally different from a legal standpoint than was ever before at the trial court level. Well, but the magistrate judge in the district court said, gee, you're not — you never pleaded a place-me-in-danger claim, right? That's correct. I've read this complaint, and it's not perfect, but it's got plenty of facts which would support such a claim, and each count, as every good lawyer does, incorporates by reference all the allegations made before. So tell me why there's no — isn't that the essence of the claim being made here? No, it's not, Your Honor, because counsel was fully aware at the time that they're writing this complaint that they missed the statute of limitations. Forget the statute of limitations. My question is whether or not this complaint alleges that the — that the defendants unnecessarily put me in danger by putting my name on the search warrant affidavit. Doesn't it allege that? I don't believe it alleges that specifically. It alleges as a predicate fact to the actual claim being litigated, which was an Eighth Amendment officer, Page, who shot Mr. Corrigan, eventually being placed in a jail cell while they were incarcerated months later. Those were all predicate facts that that counsel used to establish the Eighth Amendment claim and knowledge upon Elko County to not have housed them together. That was the entire basis. I agree that those facts are all over the complaint, but those facts, if you read them, are artfully pled to establish that predicate fact for knowledge of the jailers related to the Eighth Amendment claim. Counsel then, and despite the footnote in the briefing, in the reply briefing, appellant's trial counsel admitted in their pleading on the objection to the master's recommendation that this case, the federal case, is premised solely upon the jail cell incarceration. They continue on with the facts about he was shot and this, but they argue that specifically to establish that at the time that they were subsequently housed together in the jail, that they should have had knowledge not to do that. They were, in my opinion, in reading that complaint in its totality, in its fairness, and in the dates and circumstances of the case, they pled it artfully that way to use those facts, knowing that the statute of limitation had already expired based upon any claim on the Fourteenth Amendment violation. How do you know that they knew that? There's something in the record that indicates that when counsel filed the complaint, that counsel knew that the statute of limitations had run. If you look at the record, the controlling complaint is the amended complaint. Prior to that, the original complaint was subjected to a motion to dismiss, and various causes of action, including a cause of action based solely upon the shooting of Page, which is now what they're trying to litigate, was dismissed without prejudice for them to bring it back. When they brought the claim back, the complaint changes. It doesn't allege that as a cause of action. I can only infer at that point it did it on purpose. And then, you know, years later, in their objection to the master's recommendation on the motion for summary judgment order, is when they admit that the ninth federal claim is the Eighth Amendment claim based upon conditions of confinement, and they shouldn't have put Corrigan and Page in the same jail cell months later. My question was, how did you know that they knew the statute of limitations had run? What you're saying is you extrapolate from what happened. That's what occurred. There's nothing in the record where they said, oh, gee, the statute of limitations has run. There's no correspondence. There's nothing like that. That is correct, Your Honor. Okay. That is correct. So let's assume for a moment that they've stated a claim. What should we do? If you make that assumption, there is a potential factual determination on the statute of limitations. And there may even be to be fair to your side, your summary judgment motion may be correct on other grounds. In other words, that we, you know, there's no evidence that we subjected you unnecessarily to danger. Putting your name in a search warrant is okay. But the magistrate judge in the district court never reached those issues. It just said he's not making a 1983 claim. Under that, that's correct, Your Honor. So we would send all that back. With regard to the statute of limitations, I think this record is clear, that the It is also clear from this record that it was on that exact date that Mr. Corrigan was informed by both his brother and his mother that he had been outed as a snitch. Under the Kennedy standard for a claim based upon State creative danger, the elements at that point had been established, assuming they all existed. So he must sue right away or within two years? Within two years of that date. Let me change the facts in this case a little. Let me tell you what troubles me about that issue. Maybe one reason I'd like to duck it, if I can. Let's assume you're outed as a snitch, and then five years later somebody shoots you. You're saying you should have brought the suit before you suffered any injury? Your Honor, under 1983 and the precedent in Fourth Amendment cases and Eighth Amendment cases, the injury that occurs is the constitutional injury. What do you do for, but you can't sue the officers at that point for the damage that results, which is your eventual shooting. So what do we do with that eventual shooting later? Do they have to bring a separate suit for it? If that time period, if they can connect the two and it's brought in that time period. Yeah, and let me make the facts easier for you. I'm trying to think of all the facts that could occur. Exactly what occurs here. They put his name in the warrant. You say he should have known when he knew his name was in the warrant and brought the suit within two years. And let's accept that for the moment. Five years, but he can't seek damages for something that hasn't happened yet in that suit. Five years later, somebody, a guy, the guy finally catches up with him and says, you snitch, your name was in the warrant, I'm shooting you for that reason. Does the statute of limitations begin to run again on that second claim? In that scenario, absolutely not. The statute of limitations would have run, assuming it wasn't properly told. So he can't get damages for the shooting, then, in your view, even if he brings the case timely. If your honor accepts that policy, that legal rationale, what your honor is saying is one act of detective Kima, or whoever performs that act, creates forever liability for a crime that could happen to him in the future. The statute of limitations on a constitutional violation begins to run the day the violation occurred. And the violation, as they alleged, I'm not admitting that there was one, but as alleged, the violation occurred, accrued, and not only did he have constructive, he had actual notice that he was outed as the snitch on August 10th of 2012. If you look at the transcripts that's contained of the interview, there could be a factual dispute, whether he's an informant, whether he's just a witness, all sorts of things. He was clear that he was concerned about his safety for cooperating, and he knew at the time that once he came out, or it was outed, that he had snitched, that he was in danger. And that's when his cause of action would have to accrue. Every element has been met. To hold otherwise would basically hold that action of Kima or any other officer open in perpetuity, just waiting for someone else to act on it. And the statute of limitations is to put a time limit on the actions of the person taking the actions. So I would say he didn't have a claim at that point. Any other questions? I think not. Thank you. Ms. Connors, I have just two points I'd like to make in rebuttal. First, I would continue to press our waiver argument. I do not have a case in front of me that says statute of limitations. Waiver on which issue, on the statute of limitations? I do not have a case in front of me that says the statute of limitations argument needs to be argued at some point before trial. However, the ordinary rule is that a court of appeal will not hear an argument that is raised for the first time on appeal. That's Cornhusker. But that's different than waiver. In other words, it doesn't mean he can't raise the statute of limitations at some subsequent point. That just means ordinarily we don't hear arguments that weren't. They did raise it below. It wasn't ruled on below, is a better way to put it, right? Sure. Does the record reflect? I think it was you that said it, that while they may not have raised the statute of limitations with respect to this claim, that they did raise the statute of limitations with respect to other claims in this case. Is that correct? Yes, Your Honor. And as a court of appeal bound by the record, can we take that into account in determining whether or not a waiver has occurred? The fact that they didn't raise it in the 1983 action but did raise it in other alleged causes of action arising out of the same instance? I think that certainly strengthens the waiver argument. They knew to argue it as to other claims. The statute of limitations was on their mind as an affirmative defense. He's been playing mind reader for lawyers, so let me play mind reader for lawyers. What if the State said, hey, there are fact questions on the statute of limitation with respect to the 1983 claim, so we won't press a summary judgment motion on it, but we don't think there's fact questions with respect to the others. Now, that's not their position today, but I'm just making a different trial argument. Is he required, nonetheless, to bring a summary judgment motion on the 1983 claim even though he truly believes there are disputed issues of fact? I would argue that he is required to bring it. Again, I don't have a case I'd have to argue. Can you respond to the State's or the county's argument that the way this case was actually litigated, all he was complaining about was being put in the same jail cell as Page at some point, and if that was the claim, that really isn't a 1983 claim because being put in the same cell, he didn't suffer any harm from that. He suffered the harm from the shooting later. That's belied by the record, Your Honor. The amended complaint, which is the operative complaint here, includes all of the facts that would be relevant to the state-created danger claim premised on the shooting. That claim was very clearly pressed in our opposition to the motion for summary judgment where we specifically said that we're advancing a state-created danger claim under the 14th Amendment premised on the Page shooting. And then again, in our opposition to the motion for summary judgment, James Corgan said that he was advancing a state-created danger claim. So the facts very much have been developed both in the complaint and in the rounds of briefing. I tend to agree the facts are well-developed. I think the county's argument is, but you're asserting a different theory. When you look at the fourth claim for relief, it seems to say, you violated my constitutional rights by putting me in the same cell with this guy. The theory that you're now asserting is that you violated the constitutional rights by outing me. I understand the question. An established Supreme Court case law, Johnson, says that a plaintiff need not plead legal theories in his or her complaint. So we're not asking for an exception to any general rule. The general rule is that a plaintiff does not need to include legal theories in a complaint. And the reason is that courts understand that an attorney may not be able to know and that discovery is the place to really investigate the facts and issues and try to kind of develop what the proper legal theories will be. And that's what we see happen in this case because in our opposition to the motion for summary judgment after discovery is closed, we knew that we had a very strong state-created danger claim and pressed that claim at that point. Thank you, Your Honors. All right. Thank you very much. Thank you both. The case just argued is submitted.
judges: M. Smith, Watford, Hurwitz